UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DR. THOMAS HUBBARD, PhD,<br><br>*Plaintiff*,<br><br>v.<br><br>ZOE ELISE THOMAS,<br><br>*Defendant*. | Case No 1:20-cv-1193 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Dr. Thomas Hubbard, PhD ("***Dr. Hubbard***" or "***Plaintiff***") and files his Complaint ("***Complaint***") against Zoe Elise Thomas ("***Thomas***" or "***Defendant***") and would respectfully show as follows:

**JURISDICTION AND VENUE**

1. Defendant is subject to jurisdiction in Texas because Defendant is domiciled in Texas and/or Defendant committed a tort in Texas. Venue is appropriate because Defendant committed the actions complained of herein in Travis County, Texas.

2. Subject matter jurisdiction is appropriate because the amount in controversy exceeds $75,000.00 including all damages and attorneys' fees. In addition, there is complete diversity of citizenship because Plaintiff is domiciled in California and, on information and belief, Defendant is not domiciled in the State of California.

**PARTIES**

3. Plaintiff is a natural person who is a permanent resident and citizen of the State of California. He may be served through the undersigned counsel of record.

4. Defendant Thomas is a natural person who is a permanent resident and citizen

of the State of Texas. She may be served with process wherever she may be found.

## FACTUAL BACKGROUND

5. Dr. Hubbard is a longstanding full-time member of the faculty of the Classics Department of the University of Texas at Austin, and a faculty affiliate of the Center for Women's and Gender Studies. In the Fall of 2019 his career and reputation were attacked by the same mob violence and mob "justice" currently sweeping the land. Defendant ultimately participated as a member of the libel/slander mob seeking to "cancel" Dr. Hubbard based on lies.

6. Thomas was a graduate student in Dr. Hubbard's department at the University of Texas at Austin during the relevant time frame, and other graduate students in the department received her tweets, as well as other professionals in his field. In the aftermath of her tweets, Dr. Hubbard's scheduled classes for Fall 2020 failed to receive sufficient student registration from students in his department to be offered.

7. In a December, 23, 2019 tweet (Exhibit A), Defendant claimed that Dr. Hubbard promotes pedophilic (illegal) relationships. This is a lie. Dr. Hubbard has never advocated or condoned pedophilia. His scholarship does not even concern pedophilia, which the Diagnostic and Statistical Manual of Mental Disorders of the American Psychiatric Association (5th edition) defines as persistent attraction to pre-pubescent children, but the entirely different historical phenomenon of Greek pederasty, which pertains to adolescent males (and Dr. Hubbard does not promote these relationships in the contemporary world either). To confuse such basic terminology is irresponsible and defamatory.

8. In addition, that tweet also states that Dr. Hubbard asked students to talk about their rapes as part of a class assignment. This is untrue, as the written text of the paper

assignment proves. Students were give an option of discussing a case of which they had personal knowledge (with names changed) as part of a class assignment, but it was by no means "asked" of them or required of them to do so.

9. Finally, the tweet also asserts that Dr. Hubbard claimed that "women are too biased to think critically about rape law." This is also completely false and has absolutely no support. Dr. Hubbard has never advocated for or taken such a position, and has in fact invited prominent female scholars to speak on this subject at the University of Texas and has praised the work of other female legal scholars, including Janet Halley and Jeannie Suk Gerson of Harvard Law School.

10. In addition, Defendant tweeted on December 5, 2019 (Exhibit A) the following assertion: "I condemn the behavior of this professor (as well as the others in my institution) who jeopardize the safety of me, my students, others in my department (both passed and yet to come), and all other students at UT." Dr. Hubbard has not endangered anyone's personal safety or that of any other student at the University of Texas, nor has there ever been any credible allegation of his doing so.

11. In yet another tweet dated December 5, 2019 and pertaining to Dr. Hubbard (Exhibit A) Defendant states, "And, to be absolutely clear, I condemn ALL aspects of this behavior: rape apologism, pedophilia, abuse of undergrads, cruelty, gaslighting, misogyny, elitism, and every other form of nastiness involved." These accusations are extremely defamatory, as Dr. Hubbard is guilty of none of the "behavior" alleged.

12. These tweets (the "*Publications*") contain numerous false statements of fact of and concerning Dr. Hubbard. The Publications give the defamatory impressions that Dr. Hubbard advocates for pedophilia, that he supports rape and criminal sexual conduct, that he required his students to discuss their own rapes, and that Dr Hubbard's criminal conduct

had endangered the safety of the students at the University.

13. These are lies. Dr. Hubbard does not have a history of pedophilic and rape apologism. Dr. Hubbard has never advocated or condoned either pedophilia or rape. His scholarship does not even concern pedophilia, which the DSM-V defines as persistent attraction to pre-pubescent children, but the entirely different historical phenomenon of Greek pederasty, which pertains to adolescent males. To confuse such basic terminology is irresponsible and defamatory.

14. And even with respect to pederasty, Dr. Hubbard has never advocated for its commission in the modern world, but rather to understand it in the context of the Ancient Greeks.

15. In summary, the Publications complained of herein expressly and/or impliedly through juxtaposition, context, and innuendo, make the following false statements of fact of and concerning Dr. Hubbard:

   a. That Dr. Hubbard promotes, encourages, and/or advocates for the commission of pedophilia (adult sex with prepubescent children);

   b. That Dr. Hubbard's teaching and scholarship promotes, encourages, and/or advocates for the commission of pederasty (adult sex with sexually developed adolescent minors);

   c. That Dr. Hubbard teaches and engages in scholarship that requires sexual assault survivors to write about their assaults as part of classroom curriculum; and

   d. That Dr. Hubbard's teaching and scholarship endangered the safety of the students at the University and put them at risk to be victims of crime.

16. Defendant's libel has caused significant damage to Dr. Hubbard. Following the

publication of some of these statements, Dr. Hubbard's house was attacked and vandalized on December 9, 2019 by militants associated with an explicitly revolutionary organization (the Popular Women's Movement/Movimiento Femenino Popular) who spray-painted red graffiti on Dr. Hubbard's house in the form of bold letters spelling "CHILD RAPIST" and a hammer and sickle. Graffiti was also spray painted on a nearby store that threatened Dr. Hubbard's life.

17. Due to these events, Dr. Hubbard was forced to leave Austin, Texas and relocate to California. He has suffered significant damages to his reputation, mental anguish, and emotional distress. He is unable to resume teaching in anything but an online format.

## CAUSES OF ACTION

### COUNT I

### Libel (*per se* and *per quod*)

18. Plaintiff realleges all of the preceding allegations as if fully stated herein.

19. Defendant published false statements of fact of and concerning Plaintiff, who is not a general purpose or limited purpose public figure. Defendant acted with negligence as well as actual malice and/or reckless disregard for the truth the false statements of fact. Alternatively, Defendant is strictly liable for the defamatory Publications. The false statements of fact were defamatory of Plaintiff and caused reputational injury *per se* because they injured Plaintiff in his occupation as university faculty member who works with students. The false statements also caused Plaintiff actual damages and mental anguish.

20. Defendant's position within graduate studies in the Department of Classics further implied to ordinary readers that she had special knowledge of disclosed and undisclosed facts that buttressed and reinforced her conclusions that Dr. Hubbard

advocated for criminal conduct that put University students at risk.

21. Plaintiff further seeks exemplary damages because Defendant's actions were committed with actual malice and/or reckless disregard for the truth.

## CONDITIONS PRECEDENT

22. All conditions precedent to Plaintiff's claims have occurred or have been waived.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a. awarding actual, reputational, mental anguish, and exemplary damages;

b. pre- and post-judgment interests and costs; and

c. all other relief to which Plaintiff is entitled in law or equity.

Dated: December 4, 2020.

Respectfully submitted,

CAMARA & SIBLEY LLP

/s/ Joseph D. Sibley
Joseph D. Sibley
State Bar No. 24047203
sibley@camarasibley.com
Camara & Sibley LLP
1108 Lavaca St
Suite 110263
Austin, TX 78701
Telephone: (713) 966-6789
Fax: (713) 583-1131

**ATTORNEYS FOR PLAINTIFF**