## UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| DR. THOMAS HUBBARD, PhD, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Case No. 1:20-cv-01193-RP |
| | § | |
| ZOÉ ELISE THOMAS, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Zoé Elise Thomas ("Zoé" or "Defendant") and files her Answer to Plaintiff's Original Complaint, and states as follows:

### I.
### NATURE OF THE ACTION

Professor Thomas Hubbard ("Hubbard" or "Plaintiff") claims he is a victim of "cancel culture" because Zoé and others like her have spoken out in criticism of his work. Masquerading as a paragon of free speech rights, Plaintiff filed a federal law suit seeking damages for defamation in an attempt to silence one of his many critics. Plaintiff has a long history of raising objectionable views in the name of a free exchange of ideas and then claiming victimhood when others speak out in opposition. Despite this long history of casting valid criticism as subjugation, Plaintiff remains a tenured professor with a platform to continue expressing his views.

Plaintiff is currently suing at least three students at the University of Texas at Austin. In this suit, Plaintiff claims Zoé posted a series of defamatory tweets about Plaintiff. While it is true that Zoé retweeted statements of others and posted her own tweets in response to controversy surrounding Plaintiff's ideas, statements, and behavior, Zoé's tweets and retweets cannot possibly be characterized as actionable. As a preliminary matter, Zoé has immunity under federal law for

any alleged defamation arising from retweets. Even if she did not, the underlying tweet is not defamatory. The original tweet states: "Welcome to the field of Classics where it's controversial to say that someone who promotes pedophilic relationships, asked undergrads to talk about their rapes for a class assignment, and claims women are too biased to think critically about rape law should be afraid." To the extent this tweet can be characterized as making non-opinion statements about Plaintiff, the statements are true.

Plaintiff's writings and other statements are easily characterized as advocating for pedophilia. Plaintiff hides behind a hyper-technical, purely academic distinction between pederasty and pedophilia not recognizable by the average person. Meanwhile dictionary.com defines pedophilia simply as "sexual desire in an adult for a child," making no distinction whether that child is pre- or post-pubescent. And Hubbard's writings can certainly be characterized as promoting pedophilia under that common definition, arguing that "legal regimes created to protect or control girls' sexuality cannot be transferred to boys' sexuality without engendering great harm." Thomas K. Hubbard, *Introduction to Special Issue on Boys' Sexuality and Age of Consent*, 4 THYMOS: Journal of Boyhood Studies 95, 97 (2010). Further, while Plaintiff may believe his writings do not promote pedophilia, many others have a different opinion.

His "Mythologies of Rape" syllabus can also be characterized as asking students to describe their own rapes—either individually or of their peers more generally—by giving them the option of describing a rape of which they have knowledge for course credit. Plaintiff's complaint conflates "asking" with "requiring," trying to change the substance of the tweet in a futile attempt to make it defamatory.

Furthermore, Hubbard's work and dealings with students and colleagues is rife with misogyny, including challenging whether women were able to be objective in his Mythologies of

Rape course. The fact that he has included female voices in syllabi and symposia is immaterial.

Even tweets Zoé herself authored are not defamatory. She tweeted, "I condemn the behavior of this professor (as well as the others in my institution) who jeopardize the safety of me, my students, others in my department (both passed and yet to come), and all other students at UT." Whether Plaintiff's views (or the actions of others in the institution) endanger Zoé and others is a matter of opinion. Plaintiff himself alleges (incorrectly) that Defendant's words put him in danger; he cannot seriously contend that advocacy does not have the potential to harm others, especially when that advocacy includes loosening regulations surrounding sexual assault.

Finally, Zoé tweeted: "And, to be absolutely clear, I condemn ALL aspects of this behavior: rape apologism, pedophilia, abuse of undergrads, cruelty, gaslighting, misogyny, elitism, and every other form of nastiness involved."[1] As discussed above, Plaintiff has advocated for pedophilia. He has stated that sometimes "no" means "yes." He has threatened undergraduates and indeed followed through on those threats by filing lawsuits. He has criticized female colleagues and asserted that women have more difficulty being objective than men. In short, Zoé's statements are true or substantially true or are matters of opinion.

Moreover, what Plaintiff now claims is the "truth" about his writings and statements is no less damaging to his reputation than what he claims to be the "lies" told about him. First, many average people would find a lot of his actual ideas repugnant. Discovery will reveal an abundance of objectionable ideas in Hubbard's scholarship and personal writings and statements. Second, regard for Hubbard as a person and as a scholar was so low prior to Zoé's tweets that he had little reputation left to be damaged. In a video recorded in 2011, Plaintiff says he received threats and was singled out for unfair treatment by his colleagues based on his work. Moreover, Hubbard

---

[1] As is clear reading the tweets in context and in succession, this tweet also refers more broadly to the "others in [the] institution" about whom Zoé expresses her constitutionally protected opinions.

attempts to draw a causal link between vandalism on December 9, 2019, and tweets posted both before and after that date. Accordingly, whatever harm Plaintiff's reputation has suffered is traceable not to a series of tweets by a graduate student but by years of Plaintiff's own words and conduct.

## II.
## JURISDICTION AND VENUE

1.      Zoé admits that she is subject to jurisdiction in Texas because she is domiciled in Texas, but denies that she is subject to jurisdiction on the basis of a tort committed in Texas.

2.      Zoé lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies all allegations therein. On information and belief, Plaintiff retains a Texas driver's license and remains on the faculty at the University of Texas at Austin. Plaintiff may intend to return to Texas upon conclusion of these lawsuits or when it is safe to resume in-person lessons and other activities based on the status of the COVID-19 pandemic. Moreover, it is doubtful there is genuinely $75,000.00 in controversy. Indeed, Plaintiff may be manufacturing subject matter jurisdiction to avoid a motion under the Texas Citizens Participation Act. Zoé reserves the right to challenge subject matter jurisdiction at a later date.

## III.
## PARTIES

3.      Zoé admits that Plaintiff is a natural person who may be served by his counsel of record but lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations about his citizenship and therefore denies that allegation.

4.      Zoé admits that she is a natural person who is a permanent resident and citizen of the State of Texas who may be served with process wherever she may be found.

**IV.**
**STATEMENT OF FACTS**

5.      Zoé admits that Plaintiff is a full-time member of the faculty of the Classics Department at the University of Texas at Austin and has served as a faculty affiliate at the Center for Women's and Gender Studies.  Zoé lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and therefore denies all allegations therein. Zoé specifically denies that she participated in any libel, slander, or "mob" activity.

6.      Zoé admits that in the Fall of 2019, she was a graduate student in the Department of Classics at the University of Texas at Austin. Zoé lacks knowledge or information sufficient to form a belief as to the truth of the allegations about who received her tweets and whether and why Plaintiff's scheduled classes for Fall 2020 were not offered, and therefore denies allegations as to such.

7.      Zoé denies the allegations in Paragraph 7.

8.      Zoé denies the allegations in Paragraph 8.

9.      Zoé denies the allegations in Paragraph 9.

10.     Zoé admits to posting the tweet in question but otherwise denies the allegations in Paragraph 10.

11.     Zoé admits to posting the tweet in question but otherwise denies the allegations in Paragraph 11.

12.     Zoé denies the allegations in Paragraph 12.

13.     Zoé lacks knowledge or information sufficient to form a belief as to the truth of the DSM-V's definition of pedophilia and therefore denies that allegation. Zoé otherwise denies the allegations in Paragraph 13.

14.     Zoé denies the allegations in Paragraph 14.

15.     Zoé denies the allegations in Paragraph 15.

16.     Zoé denies that she committed libel, or that any of her actions caused damage to Plaintiff. Zoé lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 16 and therefore denies all allegations therein.

17.     Zoé lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies all allegations therein.

**V.**
**COUNT I**

18.     Zoé reincorporates her answers to the preceding Paragraphs as if fully set forth herein.

19.     Zoé denies the allegations in Paragraph 19.

20.     Zoé denies the allegations in Paragraph 20.

21.     Zoé admits that Plaintiff seeks exemplary damages, but otherwise denies the allegations in Paragraph 21 and denies that Plaintiff is entitled to any damages.

**VI.**
**CONDITIONS PRECEDENT**

22.     Zoé lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies the allegation therein.

**VII.**
**PRAYER FOR RELIEF**

23.     The remainder of the Complaint constitutes Plaintiff's request for relief to which no responsive pleading is necessary. To the extent a responsive pleading is required, Zoé denies that Plaintiff is entitled to any of the relief sought.

## VIII.
## DEMAND FOR JURY TRIAL

24.    Zoé admits that Plaintiff purports to demand a trial by jury on all issues triable by jury. Zoé specifically denies that Plaintiff is entitled to any of the relief requested in the Complaint.

## IX.
## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and additional defenses to the allegations in the Complaint:

### First Affirmative Defense

Hubbard's claims for relief are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### Second Affirmative Defense

Hubbard's claims for relief are barred, in whole or in part, because Zoé's statements are true or substantially true.

### Third Affirmative Defense

Hubbard's claims for relief are barred, in whole or in part, because Zoé's statements are not statements of fact capable of being proven true or false, are rhetorical hyperbole, and are constitutionally protected opinion.

### Fourth Affirmative Defense

Hubbard's claims for relief are barred, in whole or in part, because Zoé's statements are not "of and concerning" Hubbard and/or not defamatory.

### Fifth Affirmative Defense

Plaintiff is a limited purpose public figure, Defendant's statements were on matters of public concern, Defendant's statements were not made with actual malice or negligence, and Plaintiff cannot demonstrate damages attributable to Defendant's statements.

### Sixth Affirmative Defense

Hubbard's claims for relief are barred, in whole or in part, because Zoé is entitled to immunity under section 230 of the Communications Decency Act.

### Seventh Affirmative Defense

Hubbard's claims for relief are barred, in whole or in part, because any damage Hubbard suffered was at the hands of independent tortfeasors who allegedly vandalized his property.

### X.
### RESERVATION OF RIGHTS

Zoé reserves the right to assert any additional defenses in the event that discovery or further investigation reveals the existence of such defenses.

### XI.
### JURY TRIAL

Zoé requests a jury trial on all issues triable by jury.

Respectfully submitted,

/s/ Catherine L. Robb_____
Catherine L. Robb
State Bar No. 24007924
catherine.robb@haynesboone.com
Wesley D. Lewis
State Bar No. 24106204
wesley.lewis@haynesboone.com
HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1300
Austin, TX 78701-3238
Telephone: (512) 867-8400
Facsimile: (512) 867-8640

Samuel T. Mallick
State Bar No. 24109501
sam.mallick@haynesboone.com
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940

**COUNSEL FOR ZOÉ ELISE THOMAS**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 5th day of February, 2021, a true and correct copy of

the foregoing document was forwarded via e-filing to the following counsel of record:

Joseph D. Sibley
sibley@camarasibley.com
Camara & Sibley LLP
1108 Lavaca St., Suite 110263
Austin, TX 78701

*Counsel for Plaintiff Dr. Thomas Hubbard*

/s/  Catherine L. Robb_____
Catherine L. Robb